```
            IN THE UNITED STATES DISTRICT COURT FOR THE
                    EASTERN DISTRICT OF OKLAHOMA
```

BILLY TYSON REYNOLDS,            )
                                 )
            Plaintiff,            )
                                 )
v.                                )    Case No. CIV-13-410-RAW-KEW
                                 )
CAROLYN W. COLVIN, Acting         )
Commissioner of Social            )
Security Administration,          )
                                 )
            Defendant.            )

## REPORT AND RECOMMENDATION

Plaintiff Billy Tyson Reynolds (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

### **Claimant's Background**

Claimant was born on June 24, 1976 and was 35 years old at the time of the ALJ's decision. Claimant completed his high school education with special education classes. Claimant has worked in the past as a network technician, forklift operator, conveyor tender, and lubrication technician. Claimant alleges an inability to work beginning April 19, 2010 due to limitations resulting from

3

seizures, ADD, memory loss, and anxiety.

## Procedural History

On June 18, 2010, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. An administrative hearing was conducted by Administrative Law Judge Charles Headrick ("ALJ") on May 2, 2012 in Tulsa, Oklahoma. The ALJ issued an unfavorable decision on May 24, 2012. On July 9, 2013, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the RFC to perform his past relevant work.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to properly evaluate the medical opinion evidence; (2) reaching an RFC that was legally flawed; and (3) failing to adequately consider Claimant's medically determinable mental impairment in his

4

evaluation.

## Consideration of the Medical Opinion Evidence

In his decision, the ALJ determined Claimant suffered from the severe impairment of a seizure disorder. (Tr. 14). He concluded that Claimant retained the RFC to perform his past relevant work as a network technician, forklift operator, conveyor tender, and lubrication technician. (Tr. 18). Alternatively, after consultation with a vocational expert, the ALJ determined Claimant could perform the representative jobs of dining room attendant, mail clerk, and addresser, all of which the expert testified existed in sufficient numbers both nationally and regionally. (Tr. 19). As a result, the ALJ determined Claimant was not disabled for the relevant period. (Tr. 19-20).

Claimant contends the ALJ failed to properly evaluate the medical opinion evidence in the record. Specifically, Claimant asserts the ALJ improperly evaluated the opinion of Dr. Jay K. Johnson, a neurologist. Dr. Johnson completed a Seizures Residual Functional Capacity Questionnaire on Claimant's condition on March 16, 2012. Dr. Johnson stated he had treated Claimant for one year and diagnosed him with seizure disorder. He stated the seizures involved a loss of consciousness and occurred once per week and three per month. The last three seizures noted by Dr. Johnson were

January 18, 2012, February 8, 2012, and February 27, 2012. The seizures were estimated to last between 3 and 15 minutes and occur without warning. (Tr. 282). The postictal manifestations of the seizures include confusion, exhaustion, irritability, severe headaches, muscle strain, and paranoia - conditions which can last 1-3 days. Dr. Johnson found Claimant had a fair response to Tegretol with good compliance, although Claimant had trouble remembering medication. (Tr. 283-84). Dr. Johnson specifically stated Claimant did not suffer from ethanol related seizures or ethanol or other drug abuse. He opined that Claimant's seizures would disrupt the work of his co-workers, would require more supervision of Claimant than an unimpaired worker, restricted Claimant from working at heights, restricted Claimant from working with power machines that require an alert operator, restricted Claimant from driving and taking the bus alone. Dr. Johnson stated that Claimant suffered from associated mental problems including depression, irritability, social isolation, poor self-esteem, short attention span, memory problems, behavior extremes, and ADD. Claimant will also be required to take unscheduled breaks 2-3 times per day for 15 minutes in duration. (Tr. 284).

Dr. Johnson stated Claimant could not tolerate even "low

stress" jobs based upon his history. Claimant's seizure condition would require that he be absent from work more than three times a month. The seizure condition itself was found by Dr. Johnson to make other physical processes difficult. (Tr. 285).

The ALJ found the opinion was entitled to "little weight" because no treatment records from Dr. Johnson were submitted and because the opinion was not well supported by medically acceptable clinical and laboratory techniques and was inconsistent with other substantial evidence. (Tr. 18). The ALJ referenced that Claimant had a history of alcohol abuse and attributed his seizure activity to this abuse, noting "[t]he period of time during which the claimant was drinking is the only evidence of any type of seizure activity." (Tr. 17). He also noted the lack of a treating relationship with a physician and the lack of medication during seizure activity - both requirements under Soc. Sec. R. 87-06 pertaining to epileptic seizures. Id.

Dr. Johnson reported such a treating relationship for a period of one year and noted the medication regimen on which Claimant was placed. (Tr. 282-83). Moreover, Dr. Johnson, as the medical professional rendering an opinion, found Claimant's seizures were not ethanol induced. (Tr. 284). In deciding how much weight to give the opinion of a treating physician, an ALJ must first

7

determine whether the opinion is entitled to "controlling weight." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial evidence in the record." Id. (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id.

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Id. (quotation omitted). The factors reference in that section are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. at 1300-01 (quotation omitted).

After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted). Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." Id. "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." Watkins, 350 F.3d at 1301 (quotations omitted).

The ALJ's rejection of Dr. Johnson's opinion begins with an erroneous conclusion - that no treating relationship existed between he and Claimant. The analysis of the other Watkins factors was largely ignored thereafter. Moreover, the ALJ appears to draw conclusions from the medical evidence from his own opinion and perspective while disregarding the treating physician's opinion in favor of his own. Sisco v. United States Dep't of Health & Human Servs., 10 F.3d 739, 744 (10th Cir. 1993). Additionally, the burden to prove disability in a social security case is on the claimant, and to meet this burden, the claimant must furnish medical and other evidence of the existence of the disability. Bowen v. Yuckert, 482 U.S. 137, 146 (1987). A social security

9

disability hearing is nonadversarial, however, and the ALJ bears responsibility for ensuring that "an adequate record is developed during the disability hearing consistent with the issues raised." Henrie v. United States Dep't of Health & Human Servs., 13 F.3d 359, 360-61 (10th Cir. 1993). As a result, "[a]n ALJ has the duty to develop the record by obtaining pertinent, available medical records which come to his attention during the course of the hearing." Carter v. Chater, 73 F.3d 1019, 1022 (10th Cir. 1996). On remand, the ALJ shall obtain the records from this treating physician and determine whether the conclusions of disability are supported by the treatment records. Thereafter, he shall re-evaluate the weight that should be afforded Dr. Johnson's opinions under the Watkins rubric.

### RFC Evaluation

Since Dr. Johnson's opinion was not adequately considered in the ALJ's RFC determination, he shall re-evaluate his RFC findings on remand. In particular, the ALJ shall explain why Claimant's seizure condition has only a minimal effect upon his ability to engage in basic work activity in light of Dr. Johnson's determined restrictions and the ALJ's finding that the condition constituted a severe impairment.

### Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order.

The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 13th day of February, 2015.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE